## J. M. STANDFIELD, Respondent, v. THE PHŒNIX LOAN ASSOCIATION, Appellant.

### Kansas City Court of Appeals, April 17, 1893.

1. **Practice, Trial:** DEMURRER TO EVIDENCE. Where there is evidence tending to support the respective theories of the parties, a demurrer to the evidence is properly overruled.

2. **Instruction:** EXCLUDING DEFENSE. It is error to give instructions entirely excluding the defense, and to refuse an instruction covering the defense.

3. **Pleading:** AMENDMENT: SUGGESTION AS TO. It is advised that the petition in this case be amended so as to conform more definitely to the facts relied upon.

*Appeal from the Buchanan Circuit Court.*—HON. JAMES P. THOMAS, Special Judge.

REVERSED AND REMANDED.

*Amick & Brown,* for appellant.

(1) Under the pleadings and the evidence, the respondent could not recover. *Gutzner v. Ande Fur Co.,* 28 Mo. App. 263; *Fletcher v. Milburn,* 35 Mo. App. 324; *Eyerman v. Cemetery Co.,* 61 Mo. 489; *Earp v. Tyler,* 73 Mo. 617; *Davis v. Brown,* 67 Mo. 313; *Lewis v. Slack,* 27 Mo. App. 119; *Railroad v. Levy,* 17 Mo. App. 501. (2) Instruction number 1, given on behalf of respondent, is in direct conflict with other instructions given in the case and was calculated to mislead the minds of the jury. *State v. Simms,* 68 Mo. 305; *Simmons, Garth & Co. v. Roberts,* 60 Mo. 581; *State v. Mitchell,* 64 Mo. 191; *Fink & Nasse v. Alger-missen,* 25 Mo. App. 186. It hypothecates a state of facts, and, upon their existence, directs a verdict. The

facts necessary to sustain a verdict in this case are not hypothecated, nor can this error be cured by construing all the instructions together. *Thomas v. Babb*, 45 Mo. 385; *Goetz v. Railroad*, 50 Mo. 472; *Henry v. Bassett*, 75 Mo. 89; *Bank v. Murdock*, 62 Mo. 70; *Fink v. Phelps*, 30 Mo. App. 431. Nor would the error of giving such an instruction be cured by the giving of other instructions properly declaring the law. *State to use v. Laurie*, 1 Mo. App. 371; *Mfg. Co. v. Hudson*, 4 Mo. App. 145; *Bank v. Westlake*, 21 Mo. App. 565; *State v. Mitchell, supra; Fink v. Algermissen supra; Billups v. Daggs*, 38 Mo. App. 367; *State v. Dearing*, 65 Mo. 530. (3) Respondent's instruction number 3 is meaningless, and was calculated to confuse and mislead the minds of the jury. "Instructions should not be so given as to leave the jury to conjecture their meaning." *State to use v. Laurie, supra; Greer v. Railroad*, 80 Mo. 555; *Donahue v. Railroad*, 83 Mo. 560; *Chouteau v. Jupiter Iron Works.*, 94 Mo. 388; *Greer v. Parker*, 85 Mo. 107; *Young v. Ridenbaugh*, 67 Mo. 574; *Dunn v. Dunaker*, 87 Mo. 597. (4) Appellant's instruction number 4 fairly submitted all the questions of fact in the case to the jury. It contains the law applicable to the pleadings and the evidence, and the court committed error in refusing to give it.

*John Doniphan*, for respondent.

GILL, J.—The plaintiff recovered a judgment against the defendant for $193, as a balance of a loan of $1200, made by defendant to plaintiff, and defendant appealed.

The case may be stated thus: In July, 1890, plaintiff owned a vacant lot in St. Joseph; and with a view of erecting a house thereon applied to, and secured from defendant a loan of $1200, and executed a note

and deed of trust covering the real estate.. The note and interest was to be paid in monthly installments. The $1200, so contracted for by plaintiff, was, according to the allegations of his petition, to be paid to plaintiff "as he called for it, to pay for the labor and materials used and expended in building a house on said mortgaged lot so as to increase its value." The petition further alleges that plaintiff built the house at a cost of $1,000 in labor and materials; that defendant only paid about $780; and then prays judgment for $420, the difference between $1200 and said $780.

The defendant by its answer admits the agreement to loan the $1200, but alleges that such agreement was coupled with the condition that the plaintiff should put that amount in the building and improvements on the lot which should stand as security for the debt; that it was expressly agreed that defendant should pay the bills for materials used in the improvement as well as for labor performed in constructing the building, other than that performed by plaintiff, to the extent of $1200, provided the cost of such building should not be less than that sum. Defendant further alleges that plaintiff did not construct a house costing $1200, and that it only required about $900 to pay the bills for labor and materials; that it paid all such bills as per agreement, costs of insurance, examining title, etc, and having paid all said sums that there still remained unexpended of said $1,200 the net of $193, which the defendant credited on plaintiff's note.

It is contended by the defendant's counsel, and with some apparent reason, that under the evidence (considered in the light of his petition) the plaintiff ought not to recover, and that the lower court should have given a peremptory instruction for defendant. From a reading of said petition, quoted from in the foregoing statement, the nature of the complaint is not clear. It

may be construed as declaring, after the nature of the answer, that defendant's undertaking was to loan to plaintiff only such an amount as should be invested in improvements on his lot. And, if this were admitted, then the evidence quite clearly shows, and the jury so found in fact, that defendant did pay out for and on account of the plaintiff to the full extent of the improvements placed on the mortgaged lot. The state of the account between plaintiff and defendant was this, as shown by the testimony and found by the jury.

Amount of note and mortgage .... ....................... ...$1,200.00
From this take amount paid by defendant on account of labor and materials that went into the building, as also membership fee in association, cost of insurance, appraisment and examination of title, interest and dues charged to plaintiff for months of July, August, September and October (the correctness of which is scarcely disputed), and which amounts to the sum of................ ........................... $1,006.99

There remained unexpended the balance............... $ 193.01

However, the plaintiff's evidence tends to prove that he did not agree to expend the entire amount borrowed in improvements on the mortgaged real estate; but that he proposed and agreed to build a house of certain dimensions, character and quality as shown by certain plans then furnished by defendant's manager, and that he did erect the identical improvement contemplated by the parties at the time the money was borrowed. And if plaintiff is correct in this contention then clearly he ought to recover the $193 left unexpended after such improvements were paid for. The substantial controversy between these parties seems to have been this: Plaintiff's claim is that he contracted with defendant for the loan of $1,200, and that to add to the security covered by the mortgage he agreed to erect a certain building according to a plan then understood and agreed on; that it was agreed that defendant should retain the money

until the house was erected and paid for, defendant paying the bills for labor and materials as the house was in course of construction; while the defense is grounded on the claim that the full amount of $1,200 was to be loaned on condition that the whole thereof should be expended in the building and improvements on the lot, and that no money should be loaned beyond the amount of such improvements.

There was evidence adduced at the trial tending to support these respective theories, notwithstanding the uncertain nature of the petition. Under such circumstances then we do not think a demurrer to plaintiff's evidence ought to have been sustained. We would advise, however, that, when this case shall be remanded, the plaintiff amend his petition so as to conform more definitely to the facts upon which he seems to rely.

The trial court over the defendant's objection submitted the case to the jury on the following instructions, given at the plaintiff's request:

"1. The court instructs the jury, if they believe that the plaintiff negotiated a loan with the defendant on the second day of July, 1890, for $1,200, and that there is any part of said sum so loaned the plaintiff that he has never received the benefit of, then he is entitled to recover in this suit."

"That if the plaintiff negotiated a loan upon representations made by plaintiff to the defendant, and they accepted the security offered, and discounted his note, he was entitled to receive the full amount of the same as discounted under the contract as introduced by the defendant, and if there is any part of the said loan of which the plaintiff has not received the benefit, the jury may find for him such sum."

The instructions are practi3ally to the same effect, and exclude entirely defendant's theory of defense.

They were therefore erroneously given.  The defendant requested an instruction covering the defense, but it was refused by the court.  This of course was error.  For, if when plaintiff borrowed the $1,200, he agreed, as testified to by defendant's witnesses, to erect a house at a cost of not less than $1,200, and that said money should remain in the hands of the defendant, and be paid out as bills for material and work done accrued, and that it should then be paid upon said bills for the improvements on said property, and that the defendant did pay said bills to the amount of $898.19, and that the defendant as authorized by plaintiff paid the monthly assessments on plaintiff's stock for a period of four months, amounting to $76.80, and paid plaintiff's membership fee in said association, amounting to $6, and paid for the abstract of title and the examination thereof, amounting to $16, and paid the premium on the insurance on said property, amounting to $10, and that all said sums were properly expended, and after all this the defendant gave the plaintiff a credit on said note for the sum of $193.01, then it was proper to instruct the jury to find their verdiict for the defendant.

The judgment then will be reversed and the cause remanded for a new trial in accordance with this opinion.  All concur.